UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| G&A STRATEGIC INVESTMENTS I LLC, et al.<br><br>        Plaintiffs,<br><br>  v.<br><br>PDV HOLDING, INC.,<br><br>        Defendant,<br><br>and<br><br>PETRÓLEOS DE VENEZUELA, S.A.,<br><br>        Intervening Defendant. | [Removed from the District Court of Harris County, Texas, 129th Judicial District, Cause No. 2024-36664]<br><br>Civ. Action No. __ |

**JOINT NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFFS G&A STRATEGIC INVESTMENTS I LLC ET AL. AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Intervening Defendant Petróleos de Venezuela, S.A. ("PDVSA") and Defendant PDV Holding, Inc. ("PDV Holding" and together with PDVSA, "Defendants"), hereby remove this action from the District Court of Harris County, Texas, 129th Judicial District, where it is pending as Cause No. 2024-36664, to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1330, 1331, 1332, 1441, and 1446. In accordance with 28 U.S.C. § 1446(a), a copy of the Original Petition and Citation served on PDV Holding in the action are attached hereto as <u>Exhibit A</u>. The grounds for removal are as follows:

    **I.**    **Introduction**

    1.    Plaintiffs commenced this civil judgment enforcement action on June 10, 2024, in

the District Court of Harris County, Texas against PDV Holding, the indirect parent company of CITGO Petroleum Corporation. Original Pet. ("Pet."), *G&A Strategic Invs. I LLC v. PDV Holding, Inc.* ("*G&A v. PDV Holding*"), Cause No. 2024-36664, June 10, 2024 (Harris Cnty. Dist. Ct.).[1] Plaintiffs allege that PDV Holding is the alter ego of PDVSA.

2. The action is based on a default judgment for $1,535,840,422.22 in favor of Plaintiffs and against PDVSA entered on March 8, 2024 (the "Default Judgment") by the United States District Court for the Southern District of New York. Amended Default Judgment, *G&A Strategic Invs. I LLC v. Petróleos de Venezuela, S.A.*, No. 1:23-cv-10766-JSR, Mar. 8, 2024 (S.D.N.Y.), ECF No. 40.

3. Also on June 10, 2024, affiliates of Plaintiffs represented by the same counsel in this action initiated a judgment enforcement proceeding against PDV Holding in the United States District Court for the Southern District of New York based on another default judgment entered (also on March 8, 2024) against PDVSA by the same court. *See* Compl., *Girard St. Inv. Holdings LLC v. PDV Holding, Inc.*, No. 1:24-cv-4448-JSR, June 10, 2024 (S.D.N.Y.), ECF No. 1.

4. PDVSA has notified the Southern District of New York that it intends to file a motion to vacate the Default Judgment. That court has set a pre-filing hearing for July 25, 2024 regarding PDVSA's filing of the motion.

5. On July 25, 2024, PDVSA filed a plea in intervention in this action as a party defendant under Rule 60 of the Texas Rules of Civil Procedure. Plea in Intervention, *G&A v. PDV Holding*, No. 2024-36664, July 25, 2024, *attached hereto as* Exhibit B.

6. As explained in more detail below, this action is removable pursuant to 28 U.S.C.

---

[1] Plaintiffs are G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, and G&A Strategic Investments VII LLC.

§ 1441(a) and (d), because this is both an action against a foreign state and an action over which this Court has original federal question and diversity jurisdiction, and this is the district and division embracing the place where the action is pending.

7. PDV Holding was served with the Petition on June 25, 2024, and Defendants are removing within 30 days of that date. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

8. Written notice of the filing of this notice of removal will be served on Plaintiffs as listed in the Certificate of Service below, and Defendants will promptly file a copy of this notice with the clerk of the District Court of Harris County utilizing the court's electronic filing service.

9. By filing this Notice of Removal, Defendants do not intend to and do not waive any defenses, objections, or arguments available to them under the law. Defendants reserve the right to amend or supplement this Notice of Removal.

**II.     This Action is Removable Because It Is an Action Against a Foreign State**

10. This action is removable under 28 U.S.C. § 1441(d), which provides that "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(d); *see also* 28 U.S.C. § 1330(a) ("The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement."). PDVSA qualifies as a "foreign state" as defined in 28 U.S.C. § 1603, and this is the district and division embracing the place where the action is pending.

11. Section 1603(a) defines the term "foreign state" to "include[] … an agency or instrumentality of a foreign state." *Id.* § 1603(a). Section 1603(b), in turn, defines "an agency or instrumentality of a foreign state" as an entity "(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States …, nor created under the laws of any third country." *Id.* § 1603(b).

12. Defendant PDVSA is an instrumentality of a foreign state within the meaning of section 1603(b). PDVSA is a separate capital stock corporation (*sociedad anónima*) organized under the laws of the Republic of Venezuela, and all of its shares are owned by Venezuela. Moreover, PDVSA is not a citizen of a State of the United States.

13. PDVSA thus qualifies as a "foreign state" within the meaning of section 1603 and is entitled to invoke the rights conferred by the FSIA and to remove this action pursuant to section 1441(d).[2]

### III. This Court Has Original Federal Question Jurisdiction

14. This action also is removable under 28 U.S.C. § 1441(a), which provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," because this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this is the district and

---

[2] Plaintiffs allege that PDV Holding is an alter ego of PDVSA. While Defendants dispute this allegation, if it were accepted as true then PDV Holding also would qualify as a "foreign state" within the meaning of section 1441(d).

division embracing the place where the action is pending.

15. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has held that suits apparently alleging only state-law causes of action nevertheless "arise under" federal law for purposes of section 1331 if the "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Bd. Of Comm'rs of Se. La. Flood Prot. Auth.—East v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 721–22 (5th Cir. 2017) (stating that jurisdiction under the *Grable* rule "exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities" (internal quotation marks omitted)). Applying this test "calls for a common-sense accommodation of judgment to the kaleidoscopic situations that present a federal issue." *Grable*, 545 U.S. at 313.

16. Plaintiffs' causes of action, as pleaded, necessarily raise disputed and substantial federal issues, adjudication of which by this Court would not disturb any congressionally approved balance of federal and state judicial responsibilities.

17. First, before granting Plaintiffs the relief they seek, this Court necessarily must resolve disputed, substantial issues under the Foreign Sovereign Immunities Act.

18. Plaintiffs seek to enforce the Default Judgment against PDV Holding under the Texas Uniform Enforcement of Foreign Judgments Act, Pet. ¶ 154, and to that end, the Original Petition alleges that "[a]ll conditions precedent have been performed, occurred, or been waived,"

*Id.* ¶ 155 (incorrectly listed as paragraph 9).

19.     Separate and apart from any condition precedent under Texas law, however, federal law requires that "[b]efore permitting enforcement of a FSIA judgment, a court must ensure that all foreign entities involved receive notice of the exposure of their property and other interests to attachment and execution." *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 267 (D.D.C. 2011).

20.     The notice requirements are set forth exclusively in the federal FSIA. Section 1608(e) provides that "[a] copy of any … default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section." 28 U.S.C. § 1608(e); *see also, e.g.*, *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 659 F. Supp. 3d 1, 12 (D.D.C. 2023) ("This notice requirement is no mere technicality. Rather, it is an important procedural protection[] for foreign states and their instrumentalities built into the FSIA. The notice portion was designed [in part] to ... preserve foreign property interests by insisting upon prompt notification of any entry of judgment that might put such interests at risk.") (alterations in original) (internal quotation marks omitted). And section 1610(c) of the FSIA provides that "[n]o attachment or execution" against the property in the United States of an agency or instrumentality of a foreign state "shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e)." 28 U.S.C. § 1610(c).

21.     These requirements are not affirmative defenses. Instead, they are statutory prerequisites that a plaintiff must satisfy before a court can authorize the enforcement of any default judgment under the FSIA. *Rubin v. Islamic Republic of Iran*, 637 F.3d 783, 800 (7th Cir. 2011), *as corrected* (Apr. 1, 2011); *see also Walker Int'l Holdings Ltd. v. Republic of Congo*, 395

F.3d 229, 233 (5th Cir. 2004) (explaining that "[t]he FSIA sets parameters in which property may be attached" by a court regardless of whether the sovereign has appeared to raise the argument).

22. Plaintiffs do not allege that they have satisfied these requirements, and PDVSA maintains that they have not. Plaintiffs cannot succeed on their claims unless and until this Court has resolved disputed, substantial questions of federal law, including whether Plaintiffs have served a copy of the Default Judgment on PDVSA as prescribed by Section 1608, and whether a reasonable time has elapsed following the entry of judgment and service of the required notice. No court has yet determined these questions.

23. Second, as pleaded in the Original Petition, Plaintiffs' state-law claims necessarily raise the disputed, substantial issue of whether, under federal law, the Third Circuit's finding that PDVSA is an alter ego of Venezuela should be given preclusive effect against PDV Holding in this proceeding, such that Venezuela's conduct can be imputed to PDVSA.

24. Both of Plaintiffs' state-law claims are predicated on the contention that PDV Holding is liable on the Default Judgment because it is PDVSA's alter ego. *See* Pet. ¶ 149 ("Plaintiffs … seek a judicial declaration (i) that PDVH is an alter ego of PDVSA and (ii) that PDVH is liable to Plaintiffs for the full amount of the Default Judgment."); *id.* ¶¶ 151, 154 (seeking "enforcement of the judgment against PDVH" on the ground that "PDVH is the alter ego of PDVSA and thus liable for this judgment").

25. The Original Petition's allegations intended to support Plaintiffs' alter ego claims, however, rely not only on alleged conduct by PDVSA and the alleged relationship between PDV Holding and PDVSA, but also—heavily—on alleged conduct by Venezuela and Venezuelan government officials and on the alleged relationship between PDV Holding and Venezuela. *See, e.g.*, Pet. ¶¶ 36 ("PDVH reported in its FARA filing that 'PDVH has worked to advocate for a

resolution to various creditor claims against the Government of Venezuela and/or its subsidiaries in which PDVH is either a party or in which the value of PDVH and its subsidiaries is implicated by the claim.'"), 38 (alleging that "[former Venezuela president Hugo] Chavez ordered [PDV Holding's indirect subsidiary] Citgo to pay hundreds of millions of dollars in dividends to support the Venezuelan economy"), 81 (alleging, upon information and belief, that Asdrubal Chavez "was appointed the President of Citgo directly by [former Venezuela president Nicolas] Maduro, who did not first propose him to the boards of PDVH or Citgo Holding, or otherwise follow corporate formalities"), 120 ("At all relevant times, PDVSA dominated and controlled PDVH for its own benefit and ultimately the political and social benefit of the government of Venezuela …."), 121 ("PDVSA, and through PDVSA the Republic, exerts significant and extensive economic control over PDVH."), 130 ("PDVSA failed to observe corporate formalities … when Decree No. 44 authorized the Venezuelan Minister of Petroleum to make changes to PDVH and modify or centralize PDVH's management and administration.").

26. To attempt to impute Venezuela's conduct to PDVSA for purposes of holding PDV Holding liable for the Default Judgment, the Original Petition alleges that "[t]he Third Circuit determined in 2023 that PDVSA is the alter ego of Venezuela no matter when the inquiry is brought." Pet. ¶ 35. Further, in the first paragraph of the section entitled "PDVH is an Alter Ego of PDVSA," the Original Petition alleges that "PDVSA … is Venezuela's alter ego." Pet. ¶ 119. The identical allegation was made in the sister lawsuit brought by Plaintiffs' affiliates in the Southern District of New York—filed by the same lawyers—and identifies the specific decision that the allegation here omits. *See* Compl. ¶ 120, *Girard St. Inv. Holdings LLC*, No. 24-cv-04448 (making the same allegation but then citing "*See OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157, 172 (3d Cir. 2023) ('[I]t is clear PDVSA is Venezuela's alter ego.')").

27.     Under Texas law, whose choice-of-law principles govern in this action pursuant to Federal Rule of Civil Procedure 69(a), "[t]he preclusive effect of a judgment must be determined according to the law of the jurisdiction issuing the initial judgment." *Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 904 n.37 (Tex. App. 2004) (citing *Purcell v. Bellinger*, 940 S.W.2d 599, 601 (Tex. 1997)).

28.     Because the *OI European Group* finding was made by a federal court when determining whether PDVSA was Venezuela's alter ego for jurisdiction and immunity purposes under federal law (namely, the FSIA), federal law governs whether the Third Circuit's finding on that issue has preclusive effect here, as applied to PDV Holding.[3]

29.     Plaintiffs thus necessarily raise a substantial issue of federal law as to whether Venezuela's conduct can be imputed to PDVSA in this proceeding.

30.     The federal issue also is disputed: PDV Holding disputes that the Third Circuit's finding has any preclusive effect in this proceeding (including because PDV Holding was not a party in *OI European Group*) and further disputes that the conduct by Venezuela alleged in the Original Petition can be imputed to PDVSA for purposes of Plaintiffs' claims.

**IV.     Original Diversity Jurisdiction Exists Under 28 U.S.C. § 1332**

31.     This action is also removable under 28 U.S.C. § 1441(a) because this Court has original diversity jurisdiction under 28 U.S.C. § 1332, and this is the district and division embracing the place where the action is pending.

32.     Section 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

---

[3] Fifth Circuit precedent also holds that "[f]ederal law applies to the *res judicata* effect of a prior federal court judgment." *Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 179 (5th Cir. 1997).

of interest and costs, and is between … (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties." *Id.* § 1332(a).

33. The matter in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiffs seek a declaratory judgment that PDV Holding "is liable to Plaintiffs for the full amount of the[ir] Default Judgment" against PDVSA of $1,535,840,422.22. Pet. ¶¶ 116, 149.

34. Plaintiffs are all limited liability companies organized under the laws of the State of Delaware, with their principal place of business in Greenwich, Connecticut. Pet. ¶¶ 2–9.

35. Under Fifth Circuit precedent, however, "the citizenship of a LLC is determined by the citizenship of all of its members," not of the state where it is organized. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

36. The sole member of each Plaintiff is G&A Strategic Holdings LLC, which is also a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Greenwich, Connecticut. *See* Pls.' Rule 7.1 Statements, *G&A Strategic Invs. I LLC v. Petróleo de Venezuela S.A.*, No. 23-cv-10766, Dec. 11, 2023 (S.D.N.Y.), ECF Nos. 6–12; Compl. Ex. 10, *id.*, Dec. 11, 2023, ECF No. 1-16, attached as Exhibit C.

37. The ultimate members of G&A Strategic Holdings LLC are the principals of Gramercy Funds Management LLC: Robert Koenigsberger, Scott Seaman, Tom Humphrey, Gustavo Ferraro, James P. Taylor, Matthew Maloney, Philip Meier, Bob Joannou, Lacie Smith, Josh O'Melia, Bill Foley, Tim Mahoney, Ed Beshlian, Javier Ledesma-Arocena, Dennis Wilson, Mike Harris, Rob Lanava, and Gene Farberov. *See* Compl. Ex. 29 at 1–2, *G&A Strategic Invs. I, LLC*, No. 23-cv-10766, Dec. 11, 2023, ECF No. 1-35 (letter from Linklaters stating that it has "acted as United States counsel to Gramercy Funds Management LLC (together with its affiliates, 'Gramercy') in connection with its purchase of fourteen 6.5% Senior Guaranteed Notes" issued by

PDVSA and describing Plaintiffs as "Gramercy funds"), attached as Exhibit D.

38. Upon information and belief, Robert Koenigsberger, Scott Seaman, Gustavo Ferraro, James P. Taylor, Lacie Smith, Joshua O'Melia, Bill Foley, Tim Mahoney, Ed Beshlian, Javier Ledesma-Arocena, Dennis Wilson, Mike Harris, Rob Lanava, and Gene Farberov are citizens of Connecticut.

39. Upon information and belief, Tom Humphrey, Matthew Maloney, and Bob Joannou are citizens of New York.

40. Upon information and belief, Philip Meier is a citizen or subject of the United Kingdom.

41. Defendant PDV Holding is a citizen of Delaware and Texas under 28 U.S.C. § 1332(c)(1), because it is a Delaware corporation with its principal place of business in Houston, Texas.

42. Defendant PDVSA is the state-owned oil company of the Bolivarian Republic of Venezuela and is organized under the laws of the same. Accordingly, PDVSA is an "agency or instrumentality of a foreign state" under 28 U.S.C. § 1603(b).

43. Thus, this is an action between citizens of different states (Connecticut and New York as to Plaintiffs, and Delaware and Texas as to Defendant PDV Holding) and in which citizens or subjects of foreign states (the United Kingdom as to Plaintiffs, and Venezuela as to Defendant PDVSA) are additional parties.

## Conclusion

WHEREFORE, Defendants remove the above-captioned action to this Court from the District Court for Harris County, Texas.

Dated: July 25, 2024 | Respectfully submitted,

By: */s/ Matthew C. Hoffman*
Camilo Cardozo (*Pro Hac Vice Forthcoming*)
New York State Bar No. 3984010
Dora Georgescu (*Pro Hac Vice Forthcoming*)
New York State Bar No. 5433131
VINSON & ELKINS L.L.P.
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
(212) 237-0051
ccardozo@velaw.com
dgeorgescu@velaw.com

Matthew C. Hoffman
State Bar No. 24068697
S.D. Tex. No. 2422946
Andreina Escobar (*Pro Hac Vice Forthcoming*)
State Bar No. 24131797
VINSON & ELKINS LLP
845 Texas Avenue
Suite 4700
Houston, TX 77002
(713) 758-2838
mhoffman@velaw.com
aescobar@velaw.com

*Attorneys for Intervening Defendant Petróleos de Venezuela, S.A.*

By: /s/ *Nathan P. Eimer*
Nathan P. Eimer
State Bar No. 24001478
S.D. Tex. No. 31213
Scott C. Solberg (*Pro Hac Vice Forthcoming*)
Daniel D. Birk (*Pro Hac Vice Forthcoming*)
Gregory M. Schweizer (*Pro Hac Vice Forthcoming*)
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
dbirk@eimerstahl.com
gschweizer@eimerstahl.com

*Attorneys for Defendant PDV Holding, Inc.*