UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| G&A STRATEGIC INVESTMENTS I LLC, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>PDV HOLDING, INC.,<br><br>        Defendant,<br><br>and<br><br>PETRÓLEOS DE VENEZUELA, S.A.,<br><br>        Intervening Defendant. | No. 4:24-cv-02774 |

**PLAINTIFFS' MOTION TO LIFT STAY AND TRANSFER VENUE
TO THE SOUTHERN DISTRICT OF NEW YORK**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .............................................................................................................. 1

NATURE AND STAGE OF PROCEEDINGS .................................................................. 2

    A.    Background ...................................................................................................... 2

    B.    Attempts to Meet and Confer on Transfer ..................................................... 5

ARGUMENT ..................................................................................................................... 6

    I.    This Court Should Transfer This Case to SDNY ........................................... 6

    A.    Transfer Under Section 1631 Is Warranted. ................................................. 6

        1.    This Action Could Have Been Brought in SDNY. .................................... 6

        2.    This Court Does Not Have Subject Matter Jurisdiction Over This Matter. 8

        3.    The Interest of Justice Requires a Transfer ............................................... 8

    B.    Transfer Under Section 1404 Is Also Warranted ......................................... 11

        1.    The Section 1404(a) Standard. ................................................................... 11

        2.    Analysis ...................................................................................................... 12

            i.    Private Interest Factors ........................................................................ 12

            ii.    Public Interest Factors ......................................................................... 15

            iii.    The Interest of Justice ......................................................................... 17

CONCLUSION .................................................................................................................. 17

CERTIFICATE OF SERVICE .......................................................................................... 18

CERTIFICATE OF CONFERENCE ................................................................................. 18

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
    932 F.3d 126 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 2762 (2020) ..........................................9

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
    No. 1:17-mc-00151-LPS (D. Del.) ..................................................................................9

*DataTreasury Corp. v. First Data Corp.*,
    243 F. Supp. 2d 591 (N.D. Tex. 2003) ...............................................................6, 14

*Def. Distributed v. Bruck*,
    30 F.4th 414 (5th Cir. 2022) ...........................................................................11

*Digitalway Servs., LLC v. Blue Ridge Healthcare*,
    2023 WL 3480904 (N.D. Tex. May 16, 2023) ...................................................6, 10

*Franco v. Mabe Trucking Co., Inc.*,
    3 F.4th 788 (5th Cir. 2021) .............................................................................9

*G&A Strategic Investments I, LLC et al. v. Petróleos de Venezuela, S.A. et al.*,
    No. 23-cv-10766-JSR (S.D.N.Y.) ................................................................1, 2, 3, 4

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*,
    545 U.S. 308 (2005)........................................................................................8

*In re Clarke*,
    94 F.4th 502 (5th Cir. 2024) ...........................................................................15

*In re TikTok, Inc.*,
    85 F.4th 352 (5th Cir. 2023) ...................................................................... *passim*

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ....................................................................6, 11, 12

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*,
    73 F.4th 157 (3d Cir. 2023), *cert. denied*, 144 S. Ct. 549 (2024)............................9

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venez. et al.*,
    No. 19-cv-290 (D. Del.)....................................................................................9

*Peacock v. Thomas*,
    516 U.S. 349 (1996)........................................................................................7

36607019

*Petróleos de Venezuela, S.A. et al. v. MUFG Union Bank, N.A. at al.*,
  No. 1:19-cv-10023 (S.D.N.Y.) ...........................................................................7

*Quantum Catalytics, LLC v. VantagePoint Venture Partners*,
  2008 WL 5272483 (S.D. Tex. Dec. 16, 2008) ................................................14

*Romero v. Cajun Stabilizing Boats, Inc.*,
  2006 WL 367871 (S.D. Tex. Feb. 14, 2006) ..................................................10

*Rusoro Mining Ltd. v. Bolivarian Republic of Venez. et al.*,
  No. 18-cv-1458 (S.D. Tex.) .............................................................................9

*Siemens Energy, Inc. v. PDV Holding, Inc.*,
  No. 24-BC11B-0010 (Tex. Bus. Ct., 11th Div., filed Oct. 4, 2024) .................9

*TrackThings LLC v. Amazon.com, Inc.*,
  2022 WL 1462204 (W.D. Tex. May 9, 2022) ..................................................8

*Willis Re Inc. v. Herriott*,
  550 F. Supp. 3d 68 (S.D.N.Y. 2021) ..............................................................16

**Statutes**

28 U.S.C. § 1291 (f)(ii) ........................................................................................8

28 U.S.C. § 1330(a) ..............................................................................................6

28 U.S.C. § 1367(a) ..............................................................................................7

28 U.S.C. § 1391(f) ...........................................................................................6, 8

28 U.S.C. § 1404(a) .........................................................................................6, 11

28 U.S.C. § 1605 ...................................................................................................6

28 U.S.C. § 1631 ..........................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 12(h) .............................................................................................7

Fed. R. Civ. P. 41 ............................................................................................8, 10

Fed. R. Civ. P. 45(c)(1) .......................................................................................13

N.Y. C.P.L.R. 5234 ...............................................................................................9

36607019

## INTRODUCTION

This is an action to hold PDV Holding, Inc. ("**PDVH**") liable as an alter ego of Petróleos de Venezuela, S.A. ("**PDVSA**", or collectively with PDVH, "**Defendants**") for $1.6 billion owed on certain promissory notes to Plaintiffs G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, and G&A Strategic Investments VII LLC (collectively "**Plaintiffs**" or "**G&A**").  G&A obtained a default judgment in the Southern District of New York ("**SDNY**") against PDVSA and PDVSA Petróleo S.A. ("**Petróleo**") on the amount owed, then brought this action in Harris County District Court against PDVSA's subsidiary PDVH to pierce the corporate veil post-judgment.  The day after G&A filed this lawsuit, PDVSA appeared in the SDNY action, and the default judgment was subsequently vacated.  Following vacatur, this Court granted the parties' consent motion to stay this action pending resolution of G&A's SDNY suit against PDVSA on the promissory notes.

The G&A case against PDVSA in SDNY is proceeding on the merits, along with a consolidated, related action by Girard Street Investment Holdings LLC ("**Girard Street**") against PDVSA *and PDVH*, which includes substantially all of the same claims that G&A asserts against PDVH in this action.  In the interest of judicial efficiency, G&A asked Defendants for consent to transfer this action to SDNY so that the parties (represented by the same counsel) could litigate this dispute once rather than twice.  Defendants did not consent, and G&A amended the SDNY complaint to add PDVH to the SDNY action pursuant to that action's scheduling order to ensure that the underlying merits of this case will proceed in SDNY in conjunction with the related action.

The issue then is what happens to this action now that the SDNY action will include the exact same claims as those that are pled here.  Even though the case could remain stayed (or dismissed without prejudice), Plaintiffs respectfully submit that the most appropriate procedure is

1

to transfer this action to SDNY, which—unlike this Court—has subject-matter jurisdiction over this dispute. And even if this Court possesses subject matter jurisdiction over this action, transfer to SDNY nonetheless would be appropriate for the convenience of the parties and in the interest of justice.

Accordingly, G&A respectfully requests that the Court lift the stay of this action and transfer it to the Southern District of New York.

## NATURE AND STAGE OF PROCEEDINGS

### A.    Background

Plaintiffs are assignees of certain promissory notes, which Venezuela-owned PDVSA originally issued to certain affiliates of Schlumberger Limited (the "**SLB Notes**"). The SLB Notes are guaranteed by PDVSA's affiliate Petróleo. PDVSA and Petróleo defaulted on the SLB Notes and presently owe well over $1.6 billion in past-due principal and interest. Pursuant to the note agreement governing the issuance of the SLB Notes (the "**SLB Note Agreement**"), the SLB Notes are governed by New York law and contain a mandatory New York forum selection clause. Accordingly, G&A brought suit against PDVSA and Petróleo in SDNY on December 11, 2023. *See G&A Strategic Investments I, LLC et al. v. Petróleos de Venezuela, S.A. et al.*, No. 23-cv-10766-JSR (S.D.N.Y.) (the "**G&A Contract Action**"), ECF No. 1. The G&A Contract Action was assigned to the Honorable Jed Rakoff. G&A effected timely service in the G&A Contract Action,[1] but neither PDVSA nor Petróleos timely responded to the complaint.

G&A's affiliate Girard Street is the assignee of certain promissory notes issued by PDVSA in favor of affiliates of Halliburton Corporation and guaranteed by Petróleo (the "**HAL Notes**," or collectively with SLB Notes, the "**Notes**"). As with the SLB Notes, PDVSA and Petróleo have

---

[1] *See* G&A Contract Action, ECF No. 77, at 4, 6–7 (finding that service was proper under the Foreign Sovereign Immunities Act ("**FSIA**")).

2

defaulted on their obligations under the HAL Notes and currently owe more than $350 million in past due principal and interest on the notes.  Like the SLB Notes, the HAL Notes have New York choice of law and forum selection clauses pursuant to the note agreement governing the issuance of the HAL Notes (the "**HAL Note Agreement**" or, collectively with the SLB Note Agreement, the "**Note Agreements**").  Girard Street therefore brought suit against PDVSA and Petróleo in SDNY on December 11, 2023. *Girard Street Investment Holdings LLC v. Petróleos de Venezuela, S.A., et al.*, No. 23-cv-10772-JSR (S.D.N.Y.) (the "**Girard St. Contract Action**"), ECF No. 1.  The Girard St. Contract Action was also assigned to Judge Rakoff.  Although Girard Street effected timely service, neither PDVSA nor Petróleo timely responded.[2]

On March 5, 2024, Judge Rakoff entered default judgments against PDVSA and Petróleo in both the G&A Contract Action and the Girard St. Contract Action.  G&A Contract Action, ECF No. 39; Girard St. Contract Action, ECF No. 33.  On March 8, 2024, Judge Rakoff entered amended default judgments in both suits, for judgments totaling over $1.8 billion, plus attorney's fees and costs.  G&A Contract Action, ECF No. 40; Girard St. Contract Action, ECF No. 34.

On June 10, 2024, G&A filed the instant suit in the 129th Judicial District Court of Harris County, Texas against PDVSA's wholly-owned subsidiary PDVH, seeking a declaration that PDVH is the alter ego of PDVSA and is therefore liable on the amended default judgment Judge Rakoff entered against PDVSA in the G&A Contract Action.  ECF No. 1-2.  G&A chose to sue PDVH in Texas state court because, as explained in G&A's motion to remand, diversity jurisdiction did not exist over G&A's dispute with PDVH, and PDVH has its principal place of business in Houston.

---

[2] *See* Girard Street Contract Action, ECF No. 71, at 4, 6–7 (finding that service was proper under the FSIA).

3

The same day, Girard Street filed suit against PDVH in SDNY, seeking a declaratory judgment that PDVH is the alter ego of PDVSA and is therefore liable for the amended default judgment entered in the Girard St. Contract Action. *Girard Street Investment Holdings LLC v. PDV Holding, Inc.*, No. 24-cv-04448-JSR (S.D.N.Y.) (the "**Girard St. Alter Ego Action**"), ECF No. 1. Unlike G&A, Girard Street could establish diversity jurisdiction over its dispute with PDVH and therefore elected to pursue its claim in aid of enforcing its default judgment in the same court that entered it.

On July 25, 2024, PDVSA filed an intervention in this suit in Texas state court and a notice of removal of the action to this Court. ECF Nos. 1, 1-3. On August 1, 2024, PDVSA moved this Court to stay this action (the "**G&A Alter Ego Action**") pending PDVSA's efforts to vacate the default judgment in the G&A Contract Action. ECF No. 29. On August 22, 2024, G&A moved this Court to remand this action to Texas state court for lack of subject matter jurisdiction. ECF No. 34.

On August 1, 2024, PDVSA moved to vacate the default judgments in the G&A Contract Action and the Girard St. Contract Action. G&A Contract Action, ECF No. 46; Girard St. Contract Action, ECF No. 40. On September 10, 2024, Judge Rakoff entered orders in the G&A Contract Action and the Girard St. Contract Action, vacating the amended default judgments in both cases. G&A Contract Action, ECF No. 67; Girard St. Contract Action, ECF No. 59.

On September 27, 2024, with the consent of all parties to the actions, Judge Rakoff entered an order consolidating the G&A Contract Action, the Girard St. Contract Action, and the Girard St. Alter Ego Action for all pretrial purposes (the "**Consolidated NY Action**"). Girard St. Alter Ego Action, ECF No. 46.

36607019

On October 13, 2024, this Court entered an order on the joint motion of all parties to stay this suit pending resolution of the G&A Contract Action, which had since been consolidated with the Girard St. Contract Action and Girard St. Alter Ego Action.  ECF No. 57.

On October 8, 2024, Judge Rakoff entered a Case Management Plan in the Consolidated NY Action, requiring (i) the parties to complete discovery germane to all three of the consolidated actions by January 24, 2025 and (ii) all of the suits to be trial-ready by March 10, 2024.  Girard St. Alter Ego Action, ECF No. 49.  The Case Management Plan also set a November 21, 2024 deadline to join additional parties and a December 5, 2024 deadline to amend pleadings without leave of Court. *Id.*

## B.    Attempts to Meet and Confer on Transfer

In light of procedural developments in the Consolidated NY Action in the last few months, including PDVH's concession of personal jurisdiction there, the consolidation, and the implementation of an accelerated pre-trial schedule, it is now clear that SDNY is the most efficient forum for resolving G&A's claim for declaratory judgment of PDVH's alter ego status.   In addition, SDNY possesses subject matter jurisdiction over G&A's claim, whereas this Court does not.  Thus, G&A conferred with PDVH and PDVSA's counsel in an attempt to reach agreement on a transfer of the suit.  PDVH and PDVSA refused.[3]   Accordingly, G&A moves the Court to transfer the suit.

---

[3] Under the Case Management Plan in the Consolidated NY Action, G&A was permitted until November 21, 2024 to add claims against other parties to its complaint against PDVSA.  Girard St. Alter Ego Action, ECF No. 49.  Given PDVH and PDVSA's refusal to consent to transfer, out of an abundance of caution, G&A amended its complaint in the Consolidated NY Action to assert the same claims it asserts before this Court.

**ARGUMENT**

I.   **This Court Should Transfer This Case to SDNY.**

A.   **Transfer Under Section 1631 Is Warranted.**

This case should be transferred to SDNY pursuant to 28 U.S.C. § 1631.  Section 1631 allows a district court to transfer a civil action over which it does not have jurisdiction to "any other such court . . . in which the action . . . could have been brought" at the time it was originally filed "if it is in the interest of justice."  To qualify, a case must meet three conditions: (1) the transferee court would have been able to exercise its jurisdiction on the date the action was filed; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice. *Digitalway Servs., LLC v. Blue Ridge Healthcare*, No. 4:22-CV-0602-P, 2023 WL 3480904, at *3 (N.D. Tex. May 16, 2023).  This action fully satisfies these conditions.

*1.   This Action Could Have Been Brought in SDNY.*

Section 1631 requires that the transferee court be "[one] in which the action or appeal could have been brought" at the time it was originally filed.  28 U.S.C. § 1631.  That mirrors the language in 28 U.S.C. § 1404(a), which courts interpret to mean "whether a civil action 'might have been brought' in the destination venue."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008).  In other words, the pertinent inquiry is whether SDNY is a proper venue for this action, with subject matter jurisdiction over the suit and personal jurisdiction over the parties thereto.  *See id.*  Pursuant to agreement of the parties and 28 U.S.C. § 1391(f), it indisputably is.

*First*, unlike this Court, the federal courts of SDNY have subject matter jurisdiction over G&A's claim against PDVH because of supplemental jurisdiction.  Specifically, SDNY has subject matter jurisdiction over G&A's claim against PDVSA for breach of the Note Agreement because PDVSA (i) is an instrumentality of Venezuela and (ii) expressly waived sovereign immunity over suits against it for breach of the Note Agreement.  *See* 28 U.S.C. § 1330(a); 28

6

U.S.C. § 1605.  Accordingly, because G&A's declaratory judgment claim seeks to hold PDVH liable for precisely the same debt at issue in G&A's claim against PDVSA, SDNY also possesses supplemental jurisdiction over G&A's claim against PDVH.  *See* 28 U.S.C. § 1367(a) ("Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").[4]

*Second*, SDNY possesses personal jurisdiction over PDVH, as PDVH waived any objection to personal jurisdiction in the Consolidated NY Action.  *See* Fed. R. Civ. P. 12(h). Furthermore, personal jurisdiction over PDVH is proper because a physical stock certificate for 50.1% of PDVH's equity in Citgo Holding, which is a substantial part of the property that is the subject of this action and the request for a turnover order, is held in a vault in New York.  *See* Plaintiffs' Response to Defendants' Statement of Undisputed Material Facts in Support of Defendants' Cross-Motion for Summary Judgment, *Petróleos de Venezuela, S.A. et al. v. MUFG Union Bank, N.A. at al.*, No. 1:19-cv-10023 (S.D.N.Y.), Dkt. No. 166 ¶ 176.  Moreover, PDVH's alter ego, PDVSA, agreed in the Note Agreement to "irrevocably and unconditionally" submit to the "exclusive jurisdiction of any New York State court or federal court of the United States of competent jurisdiction sitting in the County of New York, State of New York, and any appellate

---

[4] By contrast, this Court does not possess supplemental jurisdiction over the declaratory judgment claim against PDVH because G&A asserts no other claim in this action over which this Court possesses an independent basis for subject matter jurisdiction.  *See Peacock v. Thomas*, 516 U.S. 349, 355 (1996) ("Ancillary jurisdiction may extend to claims having a factual and logical dependence on the primary lawsuit, . . . but that primary lawsuit must contain an independent basis for federal jurisdiction. The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims.").

court from any thereof" in any action or proceeding arising out of or relating to the Note Agreement or the Notes. Based on the well-pleaded allegations of G&A's complaint here, PDVSA's consent to jurisdiction in New York should be attributed to PDVH. *See TrackThings LLC v. Amazon.com, Inc.*, No. 6:21-CV-720-ADA, 2022 WL 1462204, at *3 (W.D. Tex. May 9, 2022) (explaining that venue may be imputed from one company to another under an alter-ego or veil-piercing theory, and that the "standard for imputing the acts . . . for purposes of establishing venue is relaxed compared to the standard for imposing liability").

*Third*, venue is proper in SDNY, based both on (i) the presence of Citgo Holding's stock certificate there, 28 U.S.C. § 1391(f), and (ii) the express consent to venue there by PDVH's alter ego PDVSA.

### 2. This Court Does Not Have Subject Matter Jurisdiction Over This Matter.

As explained more fully in G&A's motion to remand, ECF No. 34, this Court does not have subject matter jurisdiction over this case. In short, the case presents no federal question—either on the face of G&A's well-pleaded complaint or "embedded" in its state-law claims, as provided by *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005)—and as PDVH admits, there is not complete diversity.

### 3. The Interest of Justice Requires a Transfer.

This Court should transfer this case to SDNY—instead of requiring G&A to voluntarily dismiss it without prejudice and refile—because that is the only way to safeguard G&A's first-filed status and to avoid unnecessarily imperiling G&A's ability to dismiss voluntarily the action in the future without prejudice under Federal Rule of Civil Procedure 41.

G&A is not the only creditor to whom Venezuela and its alter egos owe money. In fact, there are many, and their debts amount to billions of dollars. Nor is G&A the only creditor to bring an alter ego claim against entities in the chain from Citgo, to Citgo Holding, to PDVH, to

8

PDVSA, to Venezuela.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 932 F.3d 126, 152 (3d Cir. 2019) ("[I]f the relationship between Venezuela and PDVSA cannot satisfy the Supreme Court's extensive-control requirement, we know nothing that can."), *cert. denied*, 140 S. Ct. 2762 (2020); *OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*, 73 F.4th 157, 176 (3d Cir. 2023) ("For the second time in five years, we conclude that PDVSA is the alter ego of Venezuela."), *cert. denied*, 144 S. Ct. 549 (2024); *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 1:17-mc-00151-LPS (D. Del.), ECF No. 1418 (Venezuela Parties' Letter to Judge Stark) (discussing PDVH's February 2024 disclosures of alter ego claims from 2019–2020 and "the potential that other present or future judgment creditors" might pursue an alter ego theory of recovery[5]).

Given that numerous creditors are seeking to execute on property insufficient to satisfy all debts, they will likely be paid in order of priority.  One factor in determining the priority of competing liens can be the date a lawsuit was filed.  *See, e.g.*, N.Y. C.P.L.R. 5234 (McKinney) ("Where two or more such orders affecting the same interest in personal property or debt are filed, the proceeds of the property or debt shall be applied in the order of filing.").  Transferring this action to SDNY preserves G&A's filing date, as Section 1631 provides that a transferred case "shall proceed as if it had been filed in [the transferee court] on the date upon which it was actually filed in . . . the court from which it is transferred."  28 U.S.C. § 1631; *see also Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 799 (5th Cir. 2021) (granting Section 1631 motion to transfer to prevent forfeiture that could result from losing original filing date).

---

[5] *See, e.g.*, *OI Eur. Grp. B.V. v. Bolivarian Republic of Venez. et al.*, No. 19-cv-290 (D. Del.); *Rusoro Mining Ltd. v. Bolivarian Republic of Venez. et al.*, No. 18-cv-1458 (S.D. Tex.); *Siemens Energy, Inc. v. PDV Holding, Inc.*, No. 24-BC11B-0010 (Tex. Bus. Ct., 11th Div., filed Oct. 4, 2024).

Alternatively, G&A could voluntarily dismiss this action and prosecute the identical claim in SDNY pursuant to Rule 41(a)(1)(A), which allows a plaintiff to voluntarily dismiss an action before the opposing party serves an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A).  In this case, neither PDVH nor improper intervenor PDVSA has filed an Answer[6] or a motion for summary judgment.  However, such a voluntary dismissal may occur only once without prejudice.  If done again, the notice of dismissal "operates as an adjudication on the merits."  *Id.* 41(a)(1)(B). If G&A were forced to use this option, it would forfeit any future opportunity to dismiss voluntarily without prejudice due to some unforeseen future circumstance.

By contrast, PDVH can demonstrate no prejudice that would result from transfer as opposed to dismissal.  G&A has already asserted against PDVH in SDNY the same declaratory judgment claim PDVH faces here.  That claim will go forward, irrespective of whether this suit is transferred or dismissed, and PDVH has no cognizable interest in the priority one of its creditors might enjoy over another based on the timing of their respective suits.

Courts in the Fifth Circuit have found that a Section 1631 transfer is in the interest of justice on facts commensurate with these.  *See Digitalway Services, LLC v. Blue Ridge Healthcare*, No. 4:22-CV-0602-P, 2023 WL 3480904, at *3 (N.D. Tex. May 16, 2023) (granting motion because transfer would "cut the time and expense expended by the parties," allow the case to "continue in its current posture," and "serve judicial economy"); *Romero v. Cajun Stabilizing Boats, Inc.*, No. CIV.A.G 05 483, 2006 WL 367871, at *5 (S.D. Tex. Feb. 14, 2006) (granting motion to transfer because it would "eliminate the need for Plaintiff to refile his claims and be further delayed in

---

[6] During a meet and confer on this motion, it was suggested that voluntary dismissal may not be available because PDVSA filed a plea of intervention.  But that does not constitute a "pleading" under the Federal Rules of Civil Procedure, generally, or an answer under Rule 41(a)(1)(A) specifically.  Indeed, PDVSA joined PDVH's motion to dismiss, which it could not do had if it already Answered.

10

receiving redress for his alleged injuries," whereas "requiring Plaintiff to refile his claims would amount to a waste of judicial resources"). This Court should do so here as well.

Because all requirements for a Section 1631 transfer are met, this matter should be transferred to SDNY under that provision.

### B.   Transfer Under Section 1404 Is Also Warranted.

Even if the Court concludes that it has subject matter jurisdiction over this suit, transfer to SDNY is nonetheless warranted under 28 U.S.C. § 1404.

### 1.   The Section 1404(a) Standard.

A district court has "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008). But that discretion is circumscribed by the requirements of Section 1404(a). *Id.* That rule requires a party seeking transfer to show "good cause" by "clearly demonstrat[ing] that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (quoting 28 U.S.C. § 1404(a)). The movant meets this standard by demonstrating to the court that the weight of certain private and public interest factors clearly favors transfer.

The private interest factors are:

> (1)   the relative ease of access to sources of proof;
>
> (2)   the availability of compulsory process to secure the attendance of witnesses;
>
> (3)   the cost of attendance for willing witnesses; and
>
> (4)   all other practical problems that make trial of a case easy, expeditious and inexpensive.

*In re Volkswagen of Am.*, 545 F.3d at 315.

The public interest factors are:

> (1)   the administrative difficulties flowing from court congestion;

11

(2)     the local interest in having localized interests decided at home;

(3)     the familiarity of the forum with the law that will govern the case; and

(4)     the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.*

"No factor is of dispositive weight," and the Fifth Circuit has "cautioned against a 'raw counting of the factors' that 'weigh[s] each the same.'" *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (citations omitted).

### 2.    *Analysis*

#### i.    **Private Interest Factors**

The private interest factors weigh in favor of transfer.

*Relative ease of access to sources of proof.*  This first factor focuses on the location of "'documents and physical evidence'" relating to the case, and the "'question is *relative* ease of access, not *absolute* ease of access.'"   *In re TikTok, Inc.*, 85 F.4th at 358 (citations omitted) (emphasis in original).  Where "'the vast majority of the evidence [is] electronic, and therefore equally accessible in either forum,' this factor bears less strongly on the transfer analysis."  *Id.* (quoting *In re Planned Parenthood Fed'n Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022)).  Here all of the anticipated evidence consists of electronically stored information that will be exchanged by the parties digitally, so it is equally accessible in either forum.  Therefore this factor is neutral.

*Availability of compulsory process to secure the attendance of witnesses.*  This factor focuses on non-party witnesses whose testimony is not voluntarily provided.  In this case, the primary non-party witnesses expected to testify are Citgo executives, some of whom live in Houston and some elsewhere.  While some of these witnesses would be outside of trial subpoena

12

range in SDNY, to the extent they decline to testify voluntarily, their testimony may be secured through a deposition subpoena requiring their testimony within 100 miles of their residences. *See* Fed. R. Civ. P. 45(c)(1). Thus, this factor is also neutral.

*Cost of attendance for willing witnesses.* Traditionally, this factor compares the cost for willing witnesses to participate in a matter in the transferor venue with the cost to participate in the transferee venue. That analysis applies the "100-mile threshold" rule, which provides that where the two venues are more than 100 miles apart, the estimated inconvenience of attending the further venue is directly related to the additional distance to be traveled. *See In re TikTok, Inc.*, 85 F.4th at 361. The justification for this analysis is that additional distance means additional travel time, meal and lodging expenses, time away from regular employment, and increased personal costs associated with being away from work, family, and community. *Id.*

This case presents a scenario different from the typical cost-of-attendance analysis, however, because all of the matters at issue in this suit will be tried in SDNY regardless of how this transfer motion is resolved by the Court. This is so because the same claim for declaratory judgment concerning PDVH's alter ego status is asserted in the Consolidated NY Action—both by G&A and Girard Street. Witnesses will therefore need to attend trial in New York or testify by deposition in connection with that suit no matter what. Without transfer, however, witnesses will *also* need to participate in proceedings in the Southern District of Texas. Therefore, the costs of attendance related to venue in the Southern District of Texas are redundant and superfluous. Thus, this factor weighs in favor of transfer.

*Other practical problems that make trial of a case easy, expeditious and inexpensive.* Perhaps the most important reason to transfer this case is to allow for the consolidation of all actions related to the Notes in SDNY. Such consolidation will avoid duplicative efforts or

13

inconsistent results.  Trying two cases in different venues on the same issues is also impractical and would waste the parties' and the courts' resources.  *See DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (N.D. Tex. 2003) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.  Moreover, such a situation is conductive to a race of diligence among litigants for a trial in the District Court each prefers." (quoting *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26 (1960))); *Quantum Catalytics, LLC v. VantagePoint Venture Partners*, No. CIV A H-07-2619, 2008 WL 5272483, at *3 (S.D. Tex. Dec. 16, 2008) ("Pursuant to no logical analysis can it be said that utilizing the resources of two courts to resolve the same issues involving the same parties is efficient. . . . Even more concerning than the duplication of effort is the possibility of inconsistent rulings.").

As an example, consider the discovery process. Currently Judge Rakoff has set an ambitious discovery deadline of January 24, 2024 in the Consolidated NY Action.  All parties in the New York proceedings, including PDVH and PDVSA, are working together to respond to discovery requests, produce documents, schedule depositions, and conclude the discovery process expeditiously.  Now that three other cases closely related to this one are consolidated there, it makes sense to transfer this suit there as well.  That is the most efficient path forward.

Finally, PDVH has already accepted service of process in this case and has not challenged personal jurisdiction.  There is no reason to dismiss the case and start over when these necessary case developments have already occurred.

The practical problems associated with maintaining this case in the Southern District of Texas are numerous, but they are minimal in SDNY. For these reasons, this factor weighs heavily in favor of transfer.

### ii.    Public Interest Factors

The public interest factors also weigh in favor of transfer.

*Administrative difficulties flowing from court congestion.*  The focus of this factor is "docket efficiency," which is an issue on which the Fifth Circuit gives great deference to the district court's determination.  *In re TikTok*, 85 F.4th at 365.  Courts have found that this factor favors a transfer if another district "would be able to resolve [the] case in a more expeditious manner."  *In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024).  There can be no question that this suit could be resolved more expeditiously in SDNY, where discovery concerning all matters relevant to this suit is already well under way in the Consolidated NY Action, which is scheduled to be trial-ready in less than four months.  By contrast, proceedings before this Court have been voluntarily stayed pending resolution of G&A's claim for breach of the Note Agreement in SDNY. This factor thus favors transfer.

*Local interest in having localized interests decided at home.*  This public interest factor "look[s] not to 'the parties' significant connections to each forum' . . . but rather the significant connections between a particular venue and the events that gave rise to a suit."  *Id.* at 511.  "[T]he local-interest inquiry is concerned with the interest of *non-party citizens* in adjudicating the case. Considerations such as 'the location of the injury, witnesses, and the [p]laintiff's residence" are useful proxies for determining what local interests exist in each venue."  *Id.*  As an initial matter, this is certainly not a localized controversy for the Southern District of Texas.

Further, PDVSA and PDVH (through PDVSA) have agreed to jurisdiction and venue in SDNY.  Many businesses and other entities based in New York put similar clauses in their

15

contracts, and they have an interest in seeing them enforced. Moreover, PDVSA and PDVH have agreed that New York law should govern the SLB Notes at issue. New York has an interest in ensuring that business entities comply with its laws when they voluntarily subject themselves to New York law. *Willis Re Inc. v. Herriott*, 550 F. Supp. 3d 68, 98 (S.D.N.Y. 2021) ("As a matter of both federal law and New York law, there is a strong public policy of enforcing forum-selection clauses . . . ."). The SLB Notes are just a fraction of the billions of dollars in promissory notes— all governed by New York law—that PDVSA has issued to over a dozen service providers, including Halliburton and Schlumberger. PDVSA has fallen into arrears on these other notes as well, so this is a significant problem with a center of gravity in New York.

Also important is that a stock certificate representing a majority of PDVH's shares in Citgo Holding, a substantial asset, is located in New York.

For these reasons, this factor weighs in favor of transfer.

*Familiarity of the forum with the law that will govern the case.* Candidly, "[t]his factor does not weigh in favor of transfer when both districts are 'equally capable of applying the relevant law." *In re TikTok, Inc.*, 85 F.4th at 365. And in almost all scenarios, the districts are equally capable because federal judges routinely apply the law of a state other than the one in which they sit. *Id.* Thus, barring any "exceptionally arcane" features of the governing law that are "likely to defy comprehension" of the judge in the transferee forum, this factor is neutral. *Id.*

Nonetheless, it is worth noting again that the SLB Notes are governed by the laws of New York, not Texas, so all other things being equal, a court located in New York is better suited to take on difficult questions concerning the SLB Notes.

*Avoidance of unnecessary problems of conflict of laws or in the application of foreign law.* There are no conflict-of-law issues or foreign law to be applied in this case, so this factor is neutral.

Taken together, the private and public interest factors strongly favor a transfer to SDNY. Three factors are neutral, five favor transfer (some strongly so), and none favor keeping this case in the Southern District of Texas.  While a "raw counting of the factors" that "weigh[s] each the same" is disfavored in the Fifth Circuit, *In re TikTok, Inc.*, 85 F.4th at 358, where the only non-neutral factors favor one result, no further weighing is necessary.

### iii.    The Interest of Justice

There is also "good cause" to transfer this case because justice so requires. Specifically, a transfer is "in the interest of justice" for the reasons stated in the Section 1631 analysis above.

### <u>CONCLUSION</u>

For the foregoing reasons, G&A respectfully submits that this Court should lift the stay of this action and transfer this matter to SDNY.

Dated: December 4, 2024                         Respectfully submitted,

                                                /s/ *Justin Waggoner*
                                                Justin Waggoner
                                                State Bar No. 24003122
                                                SDTX No. 23098
                                                STEPTOE LLP
                                                717 Texas Avenue, Suite 2800
                                                Houston, TX 77002
                                                Tel: (713) 221-2346
                                                Fax: (713) 221-2320
                                                E-mail: jwaggoner@steptoe.com

                                                Michael J. Baratz (admitted *pro hac vice*)
                                                Emma Marshak (admitted *pro hac vice*)
                                                STEPTOE LLP
                                                1330 Connecticut Avenue, NW
                                                Washington, DC 20036
                                                Tel: (202) 429-3000
                                                Fax: (202) 429-3902
                                                E-mail: mbaratz@steptoe.com
                                                E-mail: emarshak@steptoe.com

                                                *Counsel for Plaintiffs*
                                                *G&A Strategic Investments I LLC; G&A Strategic*
                                                *Investments II LLC; G&A Strategic Investments III*
                                                *LLC; G&A Strategic Investments IV LLC; G&A*
                                                *Strategic Investments V LLC; G&A Strategic*
                                                *Investments VI LLC; and G&A Strategic Investments*
                                                *VII LLC*

## CERTIFICATE OF SERVICE

I certify that on December 4, 2024, a true and correct copy of Plaintiffs' Motion to Transfer Venue to the Southern District of New York was served on all counsel of record through the Court's CM/ECF system.

                                                /s/ *Justin Waggoner*
                                                Justin Waggoner

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the parties have conferred regarding the foregoing motion, and the relief sought is opposed.

                                                /s/ *Justin Waggoner*
                                                Justin Waggoner

18

36607019