United States District Court
Southern District of Texas

**ENTERED**

March 19, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| G&A STRATEGIC INVESTMENTS I LLC, et al., | § § § | |
| *Plaintiffs,* | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-2774 |
| | § | |
| PDV HOLDING, INC., | § § | |
| *Defendant,* | § | |
| and | § § | |
| PETROLEOS DE VENEZUELA, S.A., | § § | |
| *Intervening Defendant.* | § | |

### ORDER

Pending before the Court is Plaintiffs, G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, and G&A Strategic Investments VII LLC's (collectively, "Plaintiffs" or "G&A"), Motion to Lift Stay and Transfer Venue. (Doc. No. 58). Defendant PDV Holding, Inc. ("PDVH") responded in opposition. (Doc. No. 60). Intervenor Petróleos de Venezuela, S.A. ("PDVSA) also filed a response in opposition. (Doc. No. 59). Plaintiffs replied. (Doc. No. 62). Having considered the briefings and applicable law, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiffs' Motion. (Doc. No. 58).

### I.      Background

In December of 2023, G&A brought suit against PDVSA and PDVSA Petróleo S.A. ("Petróleo") in the Southern District of New York (the "New York Case"). (Case No. 1:23-cv-10766). In the New York Case, G&A alleged that PDVSA owed $1.6 billion on certain promissory notes. (Doc. No. 58 at 5). On March 8, 2024, the District Court of the Southern District of New

York entered a default judgment against PDVSA and Petróleo for $1.6 billion owed on certain promissory notes. (Doc. No. 59 at 6). In an attempt to collect this judgment, G&A filed suit in the 129th Judicial District Court of Harris County, Texas. (Doc. No. 1-2). G&A brought the state court action against PDVH, rather than PDVSA, in an attempt to enforce its PDVSA default judgment against PDVH. (*Id.*). G&A alleges it can do so because PDVH is the alter ego of PDVSA. (*Id.* at 29). Accordingly, G&A sought a declaratory judgment from the state court that PDVH is the alter ego of PDVSA and is therefore jointly and severally liable for the default judgment entered in the New York Case. *See* (*id.*).

On July 25, 2024, PDVSA filed a plea in intervention in the state court action under Texas Rule of Civil Procedure 60 before filing a joint notice of removal in this Court that same day. (Doc. No. 1 at 2). Subsequently, the Southern District of New York vacated the default judgment in the New York Case on September 10, 2024. (Doc. No. 59 at 7). On November 21, 2024, G&A amended its complaint in the New York Case to add PDVH as a defendant. (*Id.*).

Both sides have filed multiple motions in this action, including Plaintiffs' motion to remand and Defendants' motion to dismiss. The parties subsequently agreed to stay this case until the New York Case is resolved. (Doc. No. 47). Nevertheless, after the Court entered the Order to stay the proceedings, G&A filed a Motion to Lift Stay and Transfer to the Southern District of New York. (Doc. No. 58). G&A contends that the Court should transfer this case to the Southern District of New York under 28 U.S.C. § 1631, or, in the alternative, 28 U.S.C. § 1404. Both PDVH and PDVSA oppose such a transfer. For the reasons below, the Court must dismiss for want of jurisdiction.

## II.    Legal Standard and Analysis

Article III of the Constitution grants the Judicial Branch authority to adjudicate "cases" and "controversies." In our system of government, courts have "no business" deciding legal disputes or expounding on law in the absence of such a case or controversy. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). The Supreme Court has repeatedly held that an "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks omitted); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed' " (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))).

There is no longer a "Case" or "Controversy" for purposes of Article III "when the issues presented are no longer 'live.' *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam). No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *DeOtte v. Nevada*, 20 F.4th 1055, 1064 (5th Cir. 2021) (quoting *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006)). If the parties resolve a dispute, or if the dispute disappears because of changed circumstances, then the matter becomes moot and a case or controversy no longer exists. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).

"[M]ootness is a threshold jurisdictional inquiry." *Louisiana Environmental Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580-81 (5th Cir. 2004) (citation omitted). A district court may dismiss for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or

3

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."
*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

At the outset of the litigation, a live case or controversy certainly existed. Plaintiffs, therefore, initially had standing to pursue its claims in court. Plaintiffs sought a declaratory judgment and sought to enforce its default judgment. Plaintiffs requested a declaration from the state court that PDVH is the alter ego of PDVSA. Second, provided that the Court declared PDVH as PDVSA's alter ego, Plaintiffs pleaded that PDVH is liable to Plaintiffs for the full amount of the New York default judgment. The Court notes that a request for declaratory judgment is not an independent cause of action in Texas state or Federal court. *See Smitherman v. Bayview Loan Servicing*, LLC, 727 F. App'x 787, 792 (5th Cir. 2018) (finding that the Declaratory Judgment Act, which authorizes a court to issue a declaratory judgment, is "merely a procedural device" and is not a separate cause of action under Federal law); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 (5th Cir. 1996) (finding that the Texas Uniform Declaratory Judgments Act, which authorizes a court to issue a declaratory judgment, is "merely a procedural device" and is not a separate cause of action under Texas law). It must be the tethered to an actual cause of action. As pleaded, the declaratory judgment requests are tied to Plaintiffs' attempt to enforce the New York default judgment.

Importantly, however, the default judgment upon which Plaintiffs based its requests for relief has since been vacated. Without a viable default judgment to attempt to enforce, Plaintiffs have no valid cause of action. First, they have no judgment to enforce, so that cause of action no longer exists. Second, Plaintiffs have no basis for this Court to declare that PDVH is the alter ego of PDVSA. At best, the only live pleading before this Court requests an advisory opinion because, like a request for declaratory relief, 'alter ego' is not a separate cause of action. Instead, alter ego

is a theory a party may invoke in its attempt to hold a party liable for the alleged wrongs of another. This is true under New York law, Delaware law, and Texas law. [1] *See Multibank, Inc. v. Access Glob. Cap. LLC*, 594 B.R. 618, 631 (Bankr. S.D.N.Y. 2018) ("[U]nder New York law an "alter ego" or "veil piercing" argument is not a separate, stand-alone cause of action. Instead, piercing the corporate veil, or awarding alter ego relief, is a remedy that a plaintiff may pursue to collect a claim against a company.") (citations omitted); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 268 (D. Del. 1989) (finding that, under Delaware law, alter ego is a theory that can be used to pierce the corporate veil to hold a parent company liable for the wrong committed by its subsidiary); *Matthews Const. Co. v. Rosen*, 796 S.W.2d 692, 693 n.1 (Tex. 1990) ("[T]he mere fact that a corporation operates as an alter ego does not give rise to a separate and independent cause of action . . . .").

Thus, the vacatur by the Southern District of New York eliminated the only actual cause of action before this Court, rendering this lawsuit moot because there is no longer a 'live controversy.' Since there is no longer a "case" or "controversy" based on the complaint supplemented by undisputed facts evidenced in the record, this case must be dismissed for lack of jurisdiction. *See Williamson*, 645 F.2d at 413. Moreover, Plaintiffs agree that "the issues in the action here will now be tried [in New York] regardless of the transfer motion." (Doc. No. 62 at 4). Accordingly, Plaintiffs will not be prejudiced by the Court's decision to dismiss this case. Likewise, Defendants will not be prejudiced by the dismissal because, prior to the vacatur of the New York default judgment, they sought to have this case dismissed for failure to state a claim. (Doc. Nos. 17, 18).

---

[1] The parties have made inconsistent arguments regarding which state's law applies to the dispute. some of the pleadings indicate that New York law applies to the dispute (Doc. No. 1-2 at 11), whereas other pleadings suggest that Delaware law applies (Doc. No. 35 at 11). Nevertheless, whichever state's law applies, alter ego is a theory of recovery, not a separate cause of action.

### III.    Conclusion

For the foregoing reasons, Plaintiffs' Motion to Lift Stay and Transfer Venue is hereby **GRANTED in part** and **DENIED in part**. (Doc. No. 58). Plaintiffs' Motion to Lift Stay is GRANTED and its Motion to Transfer Venue is DENIED. As explained above, this Court lacks jurisdiction. All pending motions are **DENIED** as moot. This matter is hereby **DISMISSED** without prejudice.

Signed at Houston, Texas, this _13_ day of March, 2025.

Andrew S. Hanen
United States District Judge

6